*(margin: LOUISIANA STATE BANK v. HARALSON.)*

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## THE COMMERCIAL BANK OF NATCHEZ v. KING.

Where by making a loan in depreciated bank notes to be repaid at their par value, the effect of the contract will be to enable the lender to obtain more than legal interest, the contract is usurious.

The effect of a stipulation for usurious interest must be determined by the law of the place where the contract was made.

APPEAL from the District Court of Concordia, *Curry*, J. *T. P. Farrar*, for the appellants. *Frost*, for the defendant. The judgment of the court was pronounced by

SLIDELL, J. This suit is brought upon a note, drawn by the defendant to the order of the plaintiff. It has endorsed upon it a credit, as of January 5th, 1839, of $1,308 72.

The defence rests upon the alleged usuriousness of the contract, and a claim also that there should be a credit for a much larger amount, to wit : the entire proceeds of certain cotton placed by the defendant under the control of plaintiffs, a portion of which the plaintiffs contend was properly appropriated to another note.

The jury found a verdict for the plaintiffs for $1,460 04, with interest from the date of the alleged credit. There is strong reason to suppose that they arrived at this result, by applying the proceeds of the cotton entirely to this note. The evidence on the point of imputation is not satisfactory to our minds ; and we think justice requires that this cause should be remanded, that this matter of imputation may be unequivocally ascertained.

The loan being made in depreciated bank notes was usurious*. The amount of depreciation of the notes so given below the standard of lawful coin should

---

*The notes were proved to have been, at the time of the loan, from ten to twelve per cent below their *par* value.

COMMERCIAL  be deducted from the face of the note, also the interest embodied in the
   BANK     note. Under the statute of Mississippi, where this contract was made, no in-
    v.
   KING.    terest whatever is recoverable upon a contract tainted with usury; and, in
allowing interest, the jury erred.

It is therefore decreed that the judgment of the court below be reversed,
and that this cause be remanded for a new trial, and for further proceedings
according to law; the defendant paying the costs of this appeal.